LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30115

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I    2010 AUG 17 PM 2:08    FILED

DAVID KERSH, Plaintiff-Appellant, v. FRANCES T. O'BRIEN and RANDALL Y.K. CHAR, Jointly and Severally, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-2208)

ORDER GRANTING JULY 20, 2010 MOTION TO DISMISS APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendants-Appellees Francis T. O'Brien and Randall Y.K. Char's (Appellees O'Brien and Char) July 20, 2010 motion to dismiss this appeal for lack of appellate jurisdiction, (2) Plaintiff-Appellant David Kersh's (Appellant Kersh) August 10, 2010 memorandum in opposition to Appellees O'Brien and Char's July 20, 2010 motion to dismiss this appeal, and (3) the record in this case, it appears that we lack jurisdiction over Appellant Kersh's appeal from the Honorable Victoria S. Marks's September 21, 2009 "Order of Final Judgment" (the September 21, 2009 order of final judgment), because the September 21, 2009 order of final judgment does not satisfy the requirements for an appealable final judgment under Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Appellees O'Brien and Char argue that we should grant their July 20, 2010 motion to dismiss this appeal because (1) the circuit court has not entered a final judgment in this case and (2) Appellant Kersh did not file his opening brief in appellate case number 30115 in a timely manner. We grant Appellees O'Brien and Char's July 20, 2010 motion to dismiss this appeal, but we do so based solely on the fact that the September 21, 2009 order of

final judgment does not satisfy the requirements for an appealable final judgment.

We initially note that, although Appellant Kersh filed a motion (that we received on October 2, 2009) in appellate court case number 29494 that we have deemed to serve as a notice of appeal from the September 21, 2009 order of final judgment, Appellant Kersh is entitled to appellate review in appellate court case number 30115 only if the September 21, 2009 order of final judgment satisfies the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins that are necessary for invoking our appellate jurisdiction. HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). For example, the Supreme Court of Hawai'i has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996).

2

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, <u>and (ii) dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphasis added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. <u>If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so</u>: <u>for example</u>, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all other claims, counterclaims, and cross-claims are dismissed</u>."

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

The September 21, 2009 order of final judgment neither enters judgment on any claim, nor does it expressly dismiss the claims in this case. Therefore, the September 21, 2009 order of final judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>. Absent an appealable final judgment, Appellant Kersh's appeal is premature and we lack jurisdiction over appellate court case number 30115. Therefore,

IT IS HEREBY ORDERED that Appellees O'Brien and Char's July 20, 2010 motion to dismiss this appeal is granted, and this appeal is dismissed for lack of appellate jurisdiction. This dismissal is without prejudice to the parties seeking an appeal in the event that the circuit court enters an appealable final judgment.

DATED: Honolulu, Hawaiʻi, August 17, 2010.

On the motion:

Francis T. O'Brien and
Randall Y.K. Char,
Defendants-Appellees, pro se.

Presiding Judge

Associate Judge

Associate Judge

3